IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ESTATE OF KENDA K. GOULD and CHARLES PATRICK GOULD, Plaintiffs, vs. UNITED STATES OF AMERICA, UNITED STATES FOREST SERVICE, Defendant. | CV 20–177–M–DWM  OPINION and ORDER |

In May 2019, a charred tree fell on an all-terrain vehicle ("ATV") occupied by Kenda and Patrick Gould while they were driving on the West Fork Fish Creek Road #7750 ("Road #7750") near their cabin in the Lolo National Forest. (Doc. 1 at ¶¶ 14–15, 21, 22–23; *see* Doc. 1-7 (photos).) Kenda was killed and Patrick was seriously injured. (Doc. 1 at ¶¶ 22, 27; Doc. 1-4 (death certificate).) Patrick sued the United States under the Federal Tort Claims Act ("FTCA") on behalf of himself and as the personal representative of Kenda's estate (collectively "Plaintiffs"), alleging that the United States Forest Service ("Forest Service") failed to properly survey or maintain the road as to evaluate and prioritize hazards, including trees that were badly burned during the August 2015 forest fires. (Doc. 1 at ¶¶ 16, 19, 33, 47–48, 50, 52, 62.) The United States seeks to dismiss the

1

complaint on the grounds that Plaintiffs' claims are precluded as a matter of law by either Montana's off-highway vehicle statute, Mont. Code Ann. § 23–2–822, or Montana's recreational use statute, § 70–16–302. (Doc. 3.) The motion is denied.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a claim must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal under Rule 12(b)(6) is appropriate, however, "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). At this stage of the proceedings, the factual allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to Plaintiffs. *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).[1]

---

[1] While the determination of a Rule 12(b)(6) motion is generally limited to the pleadings, *see* Fed. R. Civ. P. 12(d), "[a] court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment," *United States v. Ritchie*,

2

ANALYSIS

The United States seeks to dismiss the Complaint on the ground that Plaintiffs' claims are barred by either Montana's off-highway vehicle statute or Montana's recreational use statute. Neither argument is persuasive.

I.     **Off-Highway Vehicle Statute**

The United States first argues that because Plaintiffs were operating an off-highway vehicle—a registered side-by-side 2014 Arctic Cat ATV, Cat Prowler 700 HDX, (*see* Doc. 1 at ¶¶ 15, 24)—at the time of the accident, Plaintiffs are solely responsible for any resulting injury. Under Montana law, "[a]n off-highway vehicle operator shall accept all legal responsibility for injury or damage of any kind to the extent that the injury or damage results from risks inherent in the sport of off-highway vehicle use . . . ." § 23–2–822(1). For the purposes of this statute, "'off-highway vehicle' means a self-propelled vehicle for recreation or cross-country travel on public lands, trails, easements, lakes, rivers, or streams. The term includes but is not limited to motorcycles, quadricycles, dune buggies . . . and any other means of land transportation deriving motive power from any source other than muscle or wind." § 23–2–801(1).

---

342 F.3d 903, 908 (9th Cir. 2003); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Here, Plaintiffs have attached eight documents to the Complaint, (Docs. 1-1 through 1-8), and a judicially noticeable map to their brief in opposition, (Doc. 5-1). Those documents are considered under *Ritchie*.

In response, Plaintiffs do not dispute that they were operating an off-highway vehicle under the above description. However, specifically excepted from this definition are "vehicles . . . issued a certificate of title and registered under the laws of the state, unless the vehicle is used for off-road recreation on public lands." § 23–2–801(2)(c). Because the ATV at issue here was (1) licensed and (2) traveling on a public road at the time of the accident, Plaintiffs insist that § 23–2–822 does not apply. Because there is no dispute that the ATV was licensed and registered, (*see* Doc. 1 at ¶ 24), the present defugalty centers on the meaning of "is used for off-road recreation on public lands."

The United States insists that because Plaintiffs "predominantly" used this ATV for recreational purposes, it qualifies as a vehicle "used for off-road recreation on public lands" at the time of the accident regardless of its function in that moment. On the other hand, Plaintiffs argue that the "use" enshrined in § 23–2–801(2)(c) is context specific; i.e., was the vehicle acting as an "off-highway vehicle" at the relevant time? Here, Plaintiffs were driving the ATV on an established road from a friend's barbeque back to their own cabin at the time the tree fell. (Doc. 1 at ¶ 14.) They therefore argue that the ATV was not an off-highway vehicle. Plaintiffs have the better argument.

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what

4

has been omitted or to omit what has been inserted." § 1–2–101. Statutory interpretation begins with a statute's plain language and, if the language is clear and unambiguous, no further interpretation is required. *Mont. Sports Shooting Ass'n, Inc. v. Mont. Dep't of Fish, Wildlife & Parks*, 185 P.3d 1003, 1006 (Mont. 2008). If the text is ambiguous, however, the next step is to determine the intent of the legislature. *Id.*; *see also* § 1–2–102.

Here, the United States first attempts to insert the word "predominantly" into the statute to modify "use." However, nothing in the language of § 23–2–801(2)(c) suggests that "use" is qualified in this way, and "[c]ourts should not insert language into a statute that the legislature has omitted." *Winslow v. Mont. Rail Link, Inc.*, 16 P.3d 992, 995 (Mont. 2000). Nor is it clear how the law would assess "primary" or "predominant" use in this context.[2] The United States then states that an ATV "does not morph from an off-road vehicle to a standard passenger car or truck based" on its specific operation in a particular instance. (Doc. 6 at 4.) But because that is exactly what happens under the statute, Plaintiffs' interpretation is the only reasonable one.

First, if the second half of § 23–2–801(2)(c) merely required that a vehicle be used off-road or capable of off-road use, it would apply to all off-road vehicles,

---

[2] Even if the United States' interpretation was reasonable—it is not—it is unclear if Plaintiffs' use of the ATV was "predominantly" off-road given its use here.

titled or not.  The statutory exception for "street legal" ATVs would therefore be meaningless, and the Court must "operate[] under the presumption that the Legislature does not pass meaningless legislation."  *State v. Johnson*, 277 P.3d 1232, 1236 (Mont. 2012).  Second, courts must "interpret related statutes to harmonize and give effect to each and to avoid absurd results."  *Gregg v. Whitefish City Council*, 99 P.3d 151, 152 (Mont. 2004).  Here, Montana's statutory scheme consistently distinguishes between vehicles operating on highways and public roads from those operating "off-road."  But that distinction is situational, not absolute.  For example, the definition of "off-highway vehicle" in § 61–1–101 excludes "motor vehicles designed to transport persons or property on highways *unless the vehicle is used for off-road recreation on public lands*."  § 61–1–101(51)(b)(iii) (emphasis added).  This means that even a registered truck or jeep is considered an "off-highway vehicle" in certain circumstances yet there is no question that such vehicles qualify as "motor vehicles" while operating on a road.  Street-legal ATVs are the other side of the same coin.  The definition of "motor vehicle" includes "a quadricycle . . . equipped for use on the highways." § 61–1–101(47)(a)(ii).  Vehicle classification under this regime is functional: if an ATV is titled and registered like a car, it is treated like a car for liability purposes so long as it is operated as a car.  Reading the statute differently leads to absurd results.

6

Here, Plaintiffs were driving the ATV between a friend's house and their cabin on an established road, something the United States recognizes they could have done in a car. (Doc. 6 at 4.)  The ATV was not an "off-highway vehicle" at the time the tree fell as to trigger § 23–2–822.[3]

## II.     Recreational Use Liability Statute

Alternatively, the United States argues that its liability is foreclosed by Montana's recreational use statutes.  Under Montana law,

> [a] person who uses property, including property owned or leased by a public entity, for recreational purposes, with or without permission, does so without any assurance from the landowner that the property is safe for any purpose if the person does not give a valuable consideration to the landowner in exchange for the recreational use of the property. The landowner owes the person no duty of care with respect to the condition of the property, except that the landowner is liable to the person for any injury to person or property for an act or omission that constitutes willful or wanton misconduct.

§ 70–16–302(1).  In response, Plaintiffs argue that they were not recreating at the time of the accident but, even if they were, they can prove "willful and wanton misconduct."  Neither issue can be resolved as a matter of law.

### A.     "Recreational Purposes"

Under Montana law, "recreational purposes" includes "pleasure driving . . . touring or viewing cultural and historic sites and monuments, . . . or other pleasure

---

[3] In a footnote the United States distinguishes between "forest development road[s]" and "highways."  (Doc. 6 at 4 n.1.)  Although ominous sounding, the United States does not explain how this distinction is legally significant here.

7

expeditions." § 70–16–301. According to Plaintiffs, their commute from a friend's house to their cabin was a purely technical means to get from Point A to Point B and was therefore not "recreational" in the general sense of the word. *See Dobrocke v. City of Columbia Falls*, 8 P.3d 71, 83 (Mont. 2000) *overruled on other grounds by Roberts v. Nickey*, 43 P.3d 263 (Mont. 2002) ("We cannot conclude that the general public would regard as reasonable that simply walking to and from one's home is one of the purposes contemplated by the recreational use statute."). Construing the facts in Plaintiffs' favor, as is required at this stage of the proceeding, their use may fall outside of what is considered "recreational." Dismissal is therefore not appropriate on these grounds.

Nevertheless, a finding that Plaintiffs' use was categorically *not* for "recreational purposes" is not appropriate either. The United States persuasively argues that this situation is not necessarily an ordinary commute in that Plaintiffs were driving an ATV through a national forest to go to their cabin; these facts sound in recreation. The nature of Plaintiffs' use is therefore a fact question. *See Cristler v. United States*, 2008 WL 11348476, at *2 (D. Mont. Nov. 17, 2008).

### B. "Willful or Wanton Misconduct"

If Plaintiffs entered the Forest Service's land for "recreational purposes" then the applicable standard of care is "willful or wanton misconduct." *See id.*; *compare* § 70–16–302 *with* § 27–1–701. As discussed above, it is not clear that

this standard applies here. However, the parties dispute whether the Complaint alleges willful or wanton misconduct should such a showing be required. Under Montana law, "willful" means an intentional act or omission, while "wanton" has been synonymized with "reckless." *Jobe v. City of Polson*, 94 P.3d 743, 746 (Mont. 2004). Here, Plaintiffs allege that the Forest Service undertook to remove burned trees following the August 2015 fires, (Doc. 1 at ¶ 18), and failed to remove any along Road #7750 despite the fact that trees had fallen across the road and were removed, possibly by the Forest Service itself, (*id.* at ¶ 20). Plaintiffs further allege that the Forest Service knew or should have known of the trees and the risk they posed, (*id.* at ¶¶ 30–32), but failed to take any action, (*id.* at ¶¶ 46–70). Construing these allegations in Plaintiffs' favor, they have adequately pled "willful or wanton misconduct."

## CONCLUSION

IT IS ORDERED that the motion to dismiss (Doc. 3) is DENIED.

DATED this 3rd day of June, 2021.

Donald W. Molloy, District Judge
United States District Court

9