**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTATE OF KENDA K. GOULD; CHARLES PATRICK GOULD, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; UNITED STATES FOREST SERVICE, <br><br> Defendants-Appellees. | No. 22-35563 <br><br> D.C. No. 9:20-cv-00177-DWM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted August 22, 2023**
Portland, Oregon

Before: BENNETT, VANDYKE, and H.A. THOMAS, Circuit Judges.

Charles Patrick Gould and the Estate of Kenda K. Gould (Plaintiffs) appeal the dismissal of their tort claims against the United States Forest Service (USFS) and the United States (collectively, Defendants) for lack of subject matter

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction. The district court dismissed Plaintiffs' claims as barred by the discretionary function exception to the Federal Tort Claims Act (FTCA). We have jurisdiction under 28 U.S.C. § 1291. "We review *de novo* the district court's determination that it lacks subject matter jurisdiction under the FTCA." *Schurg v. United States*, 63 F.4th 826, 831 (9th Cir. 2023). We affirm.

The FTCA confers federal jurisdiction over tort claims for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). It bars such claims, however, if they arise from the performance of "a discretionary function or duty on the part of a federal agency or . . . employee." *Id.* § 2680(a). To determine whether this discretionary function exception applies, the Supreme Court has crafted a two-step test. *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988); *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991). Under this test, "[c]ourts must determine whether (1) the challenged actions involve an element of judgment or choice and, if so, whether (2) the judgment is of the kind that the discretionary function exception was designed to shield." *Schurg*, 63 F.4th at 831 (cleaned up). The second step protects "government actions and decisions based on 'social, economic, and political policy.'" *Esquivel v. United States*, 21 F.4th 565, 574 (9th Cir. 2021) (quoting *Berkovitz*, 486 U.S. at 537). Both steps are satisfied here.

1. Plaintiffs claim that Defendants negligently failed to inspect for and remove a dead tree that fell on the Goulds as they drove down a road managed by USFS. The tree fall resulted in serious injuries to both Patrick and Kenda, and, tragically, led to Kenda's death. Plaintiffs argue that USFS's Forest Service Handbook deprives the agency of any discretion not to remove dead trees. But the Handbook's guidance for the removal of hazardous trees is phrased in almost entirely recommendatory language, advising only in general terms that USFS look for tree hazards and mitigate them as appropriate. Contrary to Plaintiffs' arguments, that places this case closer to *Lam v. United States*, 979 F.3d 665, 680 (9th Cir. 2020)—in which we held that where agency guidance "contains no criteria or mandates for identifying and removing hazardous trees," the agency retains its discretion—than it does to *Kim v. United States*, 940 F.3d 484, 488–89 (9th Cir. 2019). While we held that the discretionary function exception did not apply to the removal of hazardous trees in *Kim*, that decision was based on the government's adoption of a "Seven-Point system" for addressing potentially dangerous trees. *Id*. at 488. No similar rule directed USFS's actions in this case.

The Plaintiffs nevertheless argue that, even if USFS initially had discretion not to inspect for and remove hazardous trees, it lost that discretion when it chose to conduct annual condition surveys and safety inspections of the road at issue. But, as we held in *Lam*, even when an agency undertakes to inspect for hazardous

3

trees, it retains discretion regarding how to carry that inspection out unless applicable law or guidance mandates specific criteria for identifying tree hazards and mitigating them once identified. *Lam*, 979 F.3d at 679–80. Because the Handbook contains no such criteria here, the first step of the discretionary function test is satisfied.

    2. At the second step of the discretionary-function test, we must examine whether the type of judgment exercised by USFS involves considerations of "social, economic, and political policy." *Esquivel*, 21 F.4th at 574 (internal quotation marks omitted). We find that it does. Not only does the identification and removal of dangerous trees require USFS to balance public safety (including the probability and likely severity of tree fall incidents) against resources and personnel constraints, but it also requires considerations of environmental protection, and both fiscal and policy aspects of selling removed timber. These are considerations that invoke the discretionary function exception to the FTCA. *See Lam*, 979 F.3d at 681 (referring to "policy considerations, such as safety, budget, [and] staffing"); *Nanouk v. United States*, 974 F.3d 941, 946–47 (9th Cir. 2020) (decisions arising from "manpower constraints" involve policy judgment).

    While Plaintiffs argue that the removal of dangerous trees is simply a matter of "routine maintenance" which "generally do[es] not involve policy-weighing decisions or actions," in such cases there is generally no question about how to

4

identify or mitigate the hazard at issue—just whether to do so. *See, e.g.*, *Bolt v. United States*, 509 F.3d 1028, 1034 (9th Cir. 2007) (snow and ice removal); *Whisnant v. United States*, 400 F.3d 1177, 1183 (9th Cir. 2005) (mold removal); *Indian Towing Co. v. United States*, 350 U.S. 61, 69 (1955) (keeping the light on in a lighthouse). Here, by contrast, USFS does not just need to decide whether to look for and remove tree hazards; it must also decide how that process should be carried out. That decision requires a balancing of public policy considerations. *See Lam*, 979 F.3d at 681–82; *Nanouk*, 974 F.3d at 949. Plaintiffs' claims are therefore barred by the FTCA.

**AFFIRMED.**